```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                               :
WILMER REYES,                  :
                               :
          Petitioner,          :   Civ. No. 23-14065 (NLH)
                               :
     v.                        :   MEMORANDUM OPINION AND ORDER
                               :
THE ATTORNEY GENERAL OF THE    :
STATE OF NEW JERSEY, et al.,   :
                               :
          Respondents.         :
_____ :
```

APPEARANCE:

Wilmer Reyes
207-054-101
Buffalo Federal Detention Facility
4250 Federal Drive
Batavia, NY 14020

    Petitioner Pro se

HILLMAN, District Judge

    Petitioner Wilmer Reyes filed a petition for writ of coram nobis challenging his October 21, 2016 guilty plea in the Superior Court of New Jersey, Law Division, Camden County. ECF No. 1. He also seeks an Order staying his removal from the United States during the duration of the proceedings, id.; and

    WHEREAS, Petitioner previously filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging the same conviction, Reyes v. Attorney General of the State of New Jersey, No. 20-cv-13570 (D.N.J. filed Sept. 29, 2020). This

Court stayed that petition on November 24, 2020 while Petitioner exhausted his state court remedies, see id. ECF No. 16; and

WHEREAS, the Court denied Petitioner's request to lift the stay on August 30, 2021. Id. at ECF No. 19. It directed Petitioner to file an all-inclusive second amended petition in this Court within 30 days of completing the state court proceedings, id.; and

WHEREAS, the New Jersey Supreme Court denied certification in Petitioner's postconviction review proceedings on February 10, 2023. State v. Reyes, 288 A.3d 1254 (N.J. 2023) (Table). Petitioner did not submit a second amended petition. Instead, he filed this petition for writ of coram nobis because he believed that he was no longer in "custody" for purposes of § 2254. ECF No. 1 at 1; and

WHEREAS, the Third Circuit has explained that "[i]n making a custody determination, a court looks to the date that the habeas petition was filed." Barry v. Bergen County Probation Dep't, 128 F.3d 152, 159 (3d Cir. 1997). Petitioner filed his habeas petition in September 2020 and the first amended petition in October 2020. No. 20-cv-13570 ECF Nos. 1 & 4. It appears that Petitioner was in custody when he filed his habeas corpus petition. The Court's stay of the proceedings was not a dismissal nor a relinquishment of jurisdiction. Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275-76 (3d Cir.

2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).  Therefore, the Court concludes the coram nobis petition would be better considered as a second amended habeas petition; and

WHEREAS, the Court will direct the Clerk to file the coram nobis petition as a second amended habeas petition in Civil Action No. 20-cv-13570. The Court will close this case and proceed to conduct its review in Civil Action No. 20-cv-13570,

THEREFORE, IT IS on this  12th   day of  September , 2023

ORDERED that Clerk shall file the coram nobis petition, ECF No. 1, as a second amended habeas petition in Civil Action No. 20-cv-13570 and REOPEN Civil Action No. 20-cv-13570; and it is finally

ORDERED that the Clerk shall send a copy of this Order to Petitioner by regular mail and CLOSE this case.


At Camden, New Jersey                  s/ Noel L. Hillman
                                       NOEL L. HILLMAN, U.S.D.J.